GERÓNIMO GUEVARA, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 594. Argued January 23, 1928.—Decided March 29, 1928.

*Leopoldo Tormes* for the petitioner. *J. Tous Soto* for the intervenor.

MR. JUSTICE ALDREY delivered the opinion of the court.

Gerónimo Guevara petitioned for a writ of certiorari directed to the district court of Ponce in an action of debt brought by him in that court against Eulalio Gómez for the reason that after final judgment the court allowed a third party to come in and file a complaint in intervention. We granted the petition and after the original record of the case had been sent up the petition was heard in the presence of the parties.

It appears that defendant Gerónimo Guevara brought an action of debt against Eulalio Gómez and the clerk entered a default judgment against the defendant for the amount claimed; that four months later Margarita Biaggi, the wife of the defendant, appeared in that action and moved the court to set aside the entry of the defendant's default, void the judgment rendered against him and allow her to file a complaint in intervention, alleging that the obligation sued on was simulated and the result of a conspiracy between her husband and her brother-in-law, the plaintiff, for the purpose of injuring her in her property and income therefrom; that the promissory note on which the complaint was based was signed by her husband after the petitioner had brought an action of divorce, which was terminated by a judgment of the Supreme Court of Porto Rico dismissing the complaint. The district court granted the motion of the wife by a ruling of November 29, 1927, which was notified on the same day

to the plaintiff who brought this certiorari proceeding on the 29th of the following December after the filing of the complaint in intervention by the wife and a demurrer by the plaintiff on the plea of lack of facts sufficient to state a cause of action.

The order brought up by this certiorari proceeding was appealable under section 295, subdivision 3, of the Code of Civil Procedure, within ten days after it was made, because it is a special order made after final judgment; but the plaintiff did not make use of this ordinary remedy which the law affords him and after the expiration of the time for an appeal he had taken advantage instead of the extraordinary remedy of certiorari to have us decide the same questions which could have been decided on appeal.

We have held repeatedly that the extraordinary remedy by certiorari does not lie when the law affords the ordinary remedy of appeal, unless the ends of justice can not be met adequately, speedily and efficiently by an ordinary appeal, and these circumstances have not been shown to exist in the instant case wherein by means of the demurrer filed by the petitioner to the complaint in intervention of the wife he may show that she was not entitled to intervene in the action.

For the foregoing reason the writ of certiorari issued by this court in the present case must be discharged.

Mr. Justice Texidor took no part in the decision of this case.